UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JOHN LYNCH,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | CV F 04 5563 AWI LJO HC<br><br>ORDER VACATING STAY<br>[Doc. #5]<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE AN AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On April 13, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court along with a motion to hold the petition in abeyance. In said petition, Petitioner raised the following three (3) grounds for relief: 1) "California Evidence Code § 1108 violates federal constitutional principles of due process of law and the requirement that the state prove beyond a reasonable doubt by allowing prosecution to present evidence of uncharged sex acts to prove accused had a disposition to commit charged acts (5th & 14th Amendments)"; 2) "CALJIC Nos. 2.50 & 251.1 violate federal due process of law by creating an illogical inference of guilt under the 5th & 14th Amendments"; and 3) "CALJIC Nos. 2.27 & 1060 as given to the jury violate federal due process of law by subjecting the victim's trial testimony to a lower scrutiny than that of other witnesses." See p. 5, Petition.

In his motion for stay, Petitioner presented two (2) additional unexhausted claims: 1) "The trial court erred in instructing jurors with CALJIC No. 17.41.1 which implicates right to freedom of speech and due process of law and right to a fair trial violating the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution"; and 2) "Petitioner was deprived of the Sixth Amendment of the United States Constitution to the effective assistance of defense counsel and counsel's failures/omissions resulted in a proceeding where the result of the proceeding is unreliable." <u>See</u> p. 3, Petitioner's Motion for Stay. Petitioner requested the petition be held in abeyance while he returned to state court to exhaust the above two claims.

On April 29, 2004, the Court considered Petitioner's motion for stay. The Court found no indication that Petitioner intended to harass or delay. It appeared that Petitioner desired to diligently pursue his state remedies. Accordingly, the Court granted Petitioner's motion for stay to allow him to return to state court to exhaust the two stated claims.

For the past year, the petition has remained stayed and Petitioner has filed status reports informing the Court of the status of his state proceedings. However, on January 28, 2005, and again most recently on April 29, 2005, Petitioner informed the Court that the California Supreme Court denied his state petition on December 15, 2004. Petitioner has fully exhausted his state remedies with respect to the two stated claims.

In his latest status reports, Petitioner states that he has commenced another round of collateral review in the state courts because he has discovered more claims. However, Petitioner did not file a motion requesting that a stay be granted for this new round of review, and Petitioner has certainly made no showing of good cause for such a stay. The original stay was granted for the limited purpose of allowing Petitioner an opportunity to exhaust the two claims he raised in his initial pleadings. The stay was in no way meant to be indefinite.

As recently discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1  AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to
2  exhaust all his claims in state court prior to filing his federal petition. <u>Rhines v. Weber</u>, 2005 WL
3  711587 (2005). The Supreme Court held that a stay and abeyance is "only appropriate when the
4  district court determines there was good cause for the petitioner's failure to exhaust his claims first
5  in state court." <u>Id</u>. Here, Petitioner has made no showing of good cause to excuse his failure to bring
6  his new claims in his prior petitions. In fact, it appears the opposite is true. Petitioner's claims center
7  on the Supreme Court decision in <u>Blakely v. Washington</u>, 125 S.Ct. 21 (2004). That decision was
8  rendered on August 23, 2004, yet Petitioner delayed raising the claims to the California courts until
9  January, 2005.  It seems Petitioner merely seeks to protract the federal process indefinitely. The
10 instant case has already been stayed for a year, and continuing the stay at this point only frustrates
11 AEDPA's objective of encouraging finality and undermines the goal of streamlining federal habeas
12 proceedings.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of proceedings is VACATED; and
2. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition raising the original three claims and the two recently exhausted claims. If Petitioner does not file an amended petition in compliance with this order, the action will proceed on the original petition.

IT IS SO ORDERED.

**Dated:   May 16, 2005**          **/s/ Lawrence J. O'Neill**
b9ed48                              UNITED STATES MAGISTRATE JUDGE