UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS JOHN LYNCH, | ) | CV F 04 5563 AWI LJO HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR STAY |
| v. | ) | |
| | ) | [Doc. #14] |
| JAMES A. YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 13, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court along with a motion to hold the petition in abeyance. In said petition, Petitioner raised the following three (3) grounds for relief: 1) "California Evidence Code § 1108 violates federal constitutional principles of due process of law and the requirement that the state prove beyond a reasonable doubt by allowing prosecution to present evidence of uncharged sex acts to prove accused had a disposition to commit charged acts (5th & 14th Amendments)"; 2) "CALJIC Nos. 2.50 & 251.1 violate federal due process of law by creating an illogical inference of guilt under the 5th & 14th Amendments"; and 3) "CALJIC Nos. 2.27 & 1060 as given to the jury violate federal due process of law by subjecting the victim's trial testimony to a lower scrutiny than that of other witnesses." See p. 5, Petition.

In his initial motion for stay, Petitioner presented two (2) additional unexhausted claims: 1) "The trial court erred in instructing jurors with CALJIC No. 17.41.1 which implicates right to freedom of speech and due process of law and right to a fair trial violating the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution"; and 2) "Petitioner was deprived of the Sixth Amendment of the United States Constitution to the effective assistance of defense counsel and counsel's failures/omissions resulted in a proceeding where the result of the proceeding is unreliable." <u>See</u> p. 3, Petitioner's Motion for Stay. Petitioner requested the petition be held in abeyance while he returned to state court to exhaust the above two claims.

On April 29, 2004, the Court considered Petitioner's motion for stay. The Court found no indication that Petitioner intended to harass or delay. It appeared that Petitioner desired to diligently pursue his state remedies. Accordingly, the Court granted Petitioner's motion for stay to allow him to return to state court to exhaust the two stated claims.

For the past year, the petition has remained stayed and Petitioner has filed status reports informing the Court of the status of his state proceedings. However, on January 28, 2005, and again most recently on April 29, 2005, Petitioner informed the Court that the California Supreme Court denied his state petition on December 15, 2004. Petitioner has fully exhausted his state remedies with respect to the two stated claims.

In his latest status reports, Petitioner states that he has commenced another round of collateral review in the state courts because he has discovered more claims. However, Petitioner did not file a motion requesting that a stay be granted for this new round of review. The original stay was granted for the limited purpose of allowing Petitioner an opportunity to exhaust the two claims he raised in his initial pleadings. The stay was in no way meant to be indefinite. For these reasons, on May 17, 2005, the Court vacated the stay and granted Petitioner leave to file an amended petition with the two newly exhausted claims.  In accordance with the Court's order, on June 15, 2005, Petitioner filed an amended petition.

On June 14, 2005, Petitioner filed a new motion to stay the proceedings and hold the petition in abeyance pending exhaustion of new claims.  As recently discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances, because the procedure

U.S. District Court
E. D. California    cd                                                     2

frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition.  Rhines v. Weber, 2005 WL 711587 (2005). The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. In this case, Petitioner has already been granted one stay for exhaustion of additional claims, and the proceedings were stayed for over a year.  Petitioner comes now with a new claim based on Blakely v. Washington, 125 S.Ct. 21 (2004). He states he only recently discovered the claim.  However, the legal principles set forth in Blakely were available long before Petitioner states he discovered them.  In Blakely, the Supreme Court reaffirmed its holding in Apprendi, which held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 125 S.Ct. at 2536; Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000). As Apprendi was decided in 2000, Petitioner had substantial time, several years in fact, to discover the claim before presenting the instant petition. Accordingly, Petitioner has made no showing of good cause to excuse his failure to bring his new claim in his initial petition. Petitioner's delay in seeking relief on this claim can only be attributed to a lack of due diligence. In addition, it appears Petitioner merely seeks to protract the federal process indefinitely. The instant case has already been stayed for a year, and continuing the stay at this point only frustrates AEDPA's objective of encouraging finality and undermines the goal of streamlining federal habeas proceedings.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the proceedings and hold the petition in abeyance is DENIED.

IT IS SO ORDERED.

**Dated:   June 29, 2005**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.