UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS J. LYNCH, | ) | 1:04-CV-05563 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #43] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| JAMES A. YATES, Warden, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 13, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED on the merits and for violating the statute of limitations. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment for Respondent. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 16, 2008, after being granted an extension of time, Petitioner filed objections to the

1  Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this
2  Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and
3  having considered the objections, the court concludes that the Magistrate Judge's Findings and
4  Recommendation is supported by the record and proper analysis, and there is no need to modify the
5  Findings and Recommendations based on the points raised in the objections.

6       In the objections, Petitioner contends that the use of several jury instructions violated his
7  rights because they allowed the jury to consider other alleged sexual assaults.   As explained by the
8  Magistrate Judge, there is no clearly established Supreme Court precedent that prohibits the
9  admission of propensity evidence in a state proceeding.  See Estelle v. McGuire, 502 U.S. 62, 75 n. 5
10 (1991).  The use of  California Jury Instructions (CALJIC) Numbers 2.50 and 2.50.1 did not
11 impermissibly lower the government's burden of proof by permitting conviction under a
12 preponderance of evidence standard.   While the Ninth Circuit had previously found a problem in
13 prior versions of these jury instructions, see Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004), the revised
14 jury instructions expressly instructs the jury that a preponderance of the evidence finding that
15 Petitioner committed a prior sexual offense is not sufficient to prove the charged offenses beyond a
16 reasonable doubt.   A jury instruction is constitutionally sound if it creates a permissive inference
17 that allows, but does not require, the jury to infer an essential fact from proof of another fact so long
18 as "the inferred fact is more likely than not to flow from the proved fact on which it is made to
19 depend." Schwendeman v. Wallenstein, 971 F.2d 313, 316 (9th Cir.1992) (citations and internal
20 quotations omitted).

21      Petitioner also objects to the Magistrate Judge's conclusion that Petitioner's trial counsel was
22 not ineffective.   Petitioner cites to his counsel's failure to seek the introduction of a washcloth into
23 evidence, failure to present tape recordings of Petitioner's and the victim's phone conversations, and
24 failure to obtain an expert who would testify as to the time frame during which the victim's bruising
25 took place.   Petitioner has provided no evidence, as opposed to argument, on what this evidence
26 would have shown had it been presented by trial counsel.   A habeas corpus proceeding is civil in
27 nature.  Browder v. Dir., Dep't of Corrections, 434 U.S. 257, 269 (1978).  As such, Petitioner has the
28 burden of proving his case.  See, e.g., Parke v. Raley, 506 U.S. 20, 31 (1992);  McKenzie v.

McCormick, 27 F.3d 1415, 1419 (9th Cir. 1994).

Finally, the court agrees with the Magistrate Judge that this action was not filed within 28 U.S.C. § 2244(d)'s one year statute of limitations.  The one year federal habeas statute of limitations tolls while a petitioner exhausts state remedies, and Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  A state habeas petition is "pending" during a full-round of review in the state courts, including the time between a lower state court decision and the filing a new petition at a higher court so long as these intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).  In California, the court must determine whether a state habeas petition was filed within a reasonable period of time.  Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852 (2006).   Based on Petitioner's own calculations, there was at least a 177 day delay between the time Petitioner received a response to the Kern County petition and when he filed the petition in the California Court of Appeal.  Although eschewing a bright line test, the United States Supreme Court held that an unexplained and unjustified gap between filings of six months is unreasonable and does not warrant "gap tolling."  Id. 126 S.Ct. at 854.   Here, Petitioner's vague contention that he refined his petition and obtained a legal assistant before filing the petition in the California Court of Appeal does not sufficiently explain the delay.   In addition, Petitioner is not subject to equitable tolling based on Petitioner's appellate counsel's representation that appellate counsel would file a habeas corpus petition.  Contrary to Petitioner's assertions, the evidence attached to the objections does not show that Petitioner's appellate counsel promised to file a state habeas petition and then failed to file such a petition.   Petitioner's appellate counsel only stated he would consider making a request to expand his representation of Petitioner to include a habeas corpus petition.  And, Petitioner's appellate counsel informed Petitioner prior to the date Petitioner's statute began running that he would not be filing such a petition.   Thus, the petition was filed outside the statute of limitations, and, in any event, must be denied because the state court's denial of Petitioner's claims is not contrary to clearly established federal law.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued March 13, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
3. The Clerk of Court is DIRECTED to enter judgment for Respondent; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   June 10, 2008**              /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE